[Civ. No. 20528. Second Dist., Div. One. Oct. 31, 1955.]

RAY SEE, Appellant, v. THE GRANDVIEW GARDENS et al., Defendants; DOC WONG et al., Respondents.

John C. Miles for Appellant.

Parker, Stanbury, Reese & McGee and A. P. G. Steffes for Respondents.

WHITE, P. J.—Plaintiff has appealed from a judgment for defendants, entered upon the unanimous verdict of the jury. The action is one for compensatory damages for injuries to plaintiff's person as the result of an altercation which occurred on June 19, 1951, at Grandview Gardens, a café in New Chinatown in Los Angeles. Plaintiff, with his wife and two friends, had been drinking Martinis at the bar of Grandview Gardens, which was owned and operated by Doc Wong and Norman Wong as partners. Plaintiff and Doc Wong knew each other, but Norman Wong and plaintiff did not. Plaintiff was leaving with his half finished drink in his hand. Norman Wong asked him to finish his drink and leave the glass at Grandview Gardens. In the altercation which followed, blows were struck by both parties.

As to all further facts the evidence is in conflict. ▮ It is not the province of the reviewing court to analyze or resolve conflicts in the evidence. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

▮ Where, as in the instant action, the jury were instructed on all issues to be determined by them, the verdict for defendant necessarily implies their findings that plaintiff (and not defendant) was the aggressor, and that defendant Norman Wong, in defending himself, used no more force than was reasonably necessary. Appellant does not claim that the evidence is insufficient to support those implied findings.

▮ Over 60 instructions were given the jury. Only one is cited as error. It reads:

"The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient

intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause— the one that necessarily sets in operation the factors that accomplish the injury. (It may operate directly or through intermediate agencies or through conditions created by such agencies.)''

It is conceded that said instruction is a correct statement of the law. In the language of appellant in his opening brief, his ''criticism made to the trial court and now presented is that it is confusing when used in connection with the assault and battery case. The cause of confusion lies in that it leaves the impression that if the plaintiff by his own act set in motion a certain sequence of circumstances resulting in his injury he should not complain of the results. It does not impress the jury with the fact that in this type of case there may be a constant change of causes of action depending upon which party to the altercation exerts more than necessary and reasonable force to protect his person or property.''

Reading the instructions as a whole, it does not appear to us that the jury could have been confused. From the record in its entirety it does not appear that any injustice has been done or that a retrial would be likely to result in a different verdict.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.